UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CASSANDRA WILTZ,

      Plaintiff,      :

v.

                                         **Case No. 2:24-cv-1407**
                                         **Judge Sarah D. Morrison**
                                         **Magistrate Judge Chelsey M.**
**OHIOHEALTH RIVERSIDE**                **Vascura**
**METHODIST HOSPITAL,** *et al.*    :

      Defendants.

## OPINION AND ORDER

Cassandra Wiltz commenced this action against OhioHealth Riverside Methodist Hospital and several individual Defendants on March 27, 2024. (ECF No. 1.) Upon review of the Complaint, the Court issued a Show Cause Order requiring Ms. Wiltz to show cause by April 25, 2024, as to why her claims against Defendants should not be dismissed for lack of subject matter jurisdiction (ECF No. 2). To date, Ms. Wiltz has not responded.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute …, which is not to be expanded by judicial decree[.]" *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"

Ms. Wiltz represents that the Court has subject matter jurisdiction over the action because she asserts claims under 18 U.S.C. § 249 (hate crimes) and 18 U.S.C. Ch. 82 (obstruction of the mails). (ECF No. 1-1.) But "as a private citizen, [Ms. Wiltz] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (further citation omitted). Beyond the criminal allegations, Ms. Wiltz alleges negligence and personal injury claims. However, the Civil Cover Sheet (ECF No. 1-1) and Defendants' Answer (ECF No. 3) disclose that Ms. Wiltz and all Defendants (except Dawn Burnett) are citizens of Ohio. A review of the Complaint thus reveals that it asserts no federal question and that there is not complete diversity among the parties.

A federal court is obliged to *sua sponte* note lack of subject matter jurisdiction. *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804); *Clark v. United States*, 764 F. 3d 653, 657 (6th Cir. 2014). Additionally, a district court has inherent authority to dismiss a plaintiff's action because of failure to prosecute, or for failure to comply with the court's orders. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *see also Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

For these reasons, Ms. Wiltz's Complaint (ECF No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction, lack of prosecution, and failure to comply with a Court Order. Defendants' pending Motion for Judgment on the Pleadings is **DENIED** as moot. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

<u>/s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**